IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **ROADMASTER (USA) CORP.**<br>Plaintiff, | : <br> : CIVIL ACTION NO. 04-1442 (GMS) <br> : |
| v. | : <br> : |
| **CARSTECH INC., d/b/a CARSTECH INC.** | : <br> : |
| and | : <br> : |
| **SINOCHEM NINGBO, LTD., in its own right<br>and d/b/a CARSTECH INC. and/or<br>d/b/a CARSTECH USA, INC.**<br>Defendants. | : <br> : <br> : <br> : |

**PLAINTIFF'S MOTION FOR A DECLARATION THAT FEDERAL RULE OF CIVIL
PROCEDURE 4(m) DOES NOT LIMIT THE TIME TO MAKE SERVICE OF THE
SUMMONS AND COMPLAINT UPON DEFENDANT SINOCHEM NINGBO, LTD., OR
IN THE ALTERNATIVE, FOR AN EXTENSION OF TIME IN WHICH TO SERVE
DEFENDANT SINOCHEM NINGBO, LTD.**

Plaintiff Roadmaster (USA) Corp. ("Roadmaster") must serve defendant Sinochem Ningbo Ltd. ("Sinochem") in Ningbo, China, under the terms of the Hague Convention. Fed. R. Civ. P. 4. This is a complex and time-consuming process. Federal Rule of Civil Procedure 4(m) provides that a complaint must generally be served within 120 days. Rule 4(m), however, exempts service made pursuant to Rule 4(f) from the 120-day requirement. By its terms, Rule 4(f) applies to service on individuals in foreign countries, however, service on foreign corporations is accomplished in exactly the same manner. See Fed. R. Civ. P. 4(h) (incorporating Rule 4(f) by reference). Thus, although Rule 4(m) does not explicitly incorporate Rule 4(h), the exemption from the 120-limit for service seems intended to apply through Rule 4(h)'s reference to Rule 4(f).

Moreover, it seems clear that the same procedural impediments that require exemption from the 120-day rule of Rule 4(m) for individuals residing in foreign countries apply with equal

or greater force to service on corporations. Out of an abundance of caution, however, Roadmaster files this motion, urging this Court to find that the 120-day requirement for service under Federal Rule of Civil Procedure 4(m) does not apply in these circumstances.

In the alternative, Roadmaster requests that this Court enter an order extending the time in which it may complete service for an additional nine months to allow sufficient time to translate all legal documents and the exhibits thereto into Chinese and effect service through the national and local Chinese judicial systems. In support of its motion, Roadmaster states the following:

1.      On November 23, 2004, Roadmaster filed its Amended Complaint in this action for patent, trademark, and copyright infringement against CarsTech USA, Inc. ("CarsTech") and Sinochem. CarsTech is a distributor within the United States of certain products manufactured by Sinochem. See February 22, 2005 Consent Order (D.I. 11).

2.      Federal Rule of Civil Procedure 4(m) requires that a summons and complaint generally be served upon defendants residing in the United States within 120 days of filing, which would be, in this instance, March 23, 2005. Thus, to the extent the 120-day period is applicable, this motion is timely filed before the expiration of the time period.

3.      Service of process on defendant CarsTech was completed on November 23, 2004 as evidenced by a return of service filed on November 29, 2004 (D.I. 9). CarsTech and Roadmaster promptly began settlement negotiations which eventually resolved the claims against CarsTech only, when the Court entered an Order dated February 22, 2005 (D.I. 11), granting a permanent injunction against CarsTech, and approved a stipulation dismissing the action as against CarsTech pursuant to Federal Rule of Civil Procedure 41. (D.I.12).

4.   Defendant Sinochem has its principal place of business in the People's Republic of China ("China"). Service in China can only be made pursuant to the Hague Convention. The Government of China has exercised reservations with respect to Article 10(a) of the Hague Convention, and thus service in China cannot be effected by mail. See "Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters," U.S. Department of State, at n. 7, available at http://travel.state.gov/law/info/judicial/judicial_686.html (visited on March 7, 2005). Thus, the only permissible manner of serving process upon a defendant in China is through an officer of the Chinese Ministry of Justice.

5.   Additionally, pursuant to the Convention, the Amended Complaint, with exhibits, along with any injunction papers and all exhibits, must be translated into Chinese before service can be attempted.[1]

6.   Roadmaster has contacted international process servers and translation services and has obtained bids for performing all actions required by the Hague Convention to effect service on Sinochem in Ningbo, China.

7.   According to these sources, service upon a defendant in China, consistent with the Hague Convention, can normally take anywhere from six to twelve months.

8.   Rule 4(m) expressly exempts service upon individuals on foreign countries under Rule 4(f) from the 120-day requirement applicable to service in the United States. Rule 4(f), by its strict terms, applies only to service upon individuals, however. Although Rule 4(m) does not specifically include a reference to Rule 4(h), which applies to service upon corporations, Rule 4(h) refers to and incorporates Rule 4(f)'s procedures. In other words, the Rules for service in

---

[1]   Indeed, consistent with the Hague Convention, Sinochem may not be served even with a copy of this paper, or the prior Orders affecting CarsTech, until initial service of process is perfected through proper diplomatic channels.

foreign countries are no different whether defendants are individuals or corporations. Thus, service upon corporations must also be excluded from the 120-day requirement of Rule 4(m). Numerous courts have so held. See, e.g., Lucas v. Natoli, 936 F.2d 432 (9th Cir. 1991). Courts within this Circuit, including at least one in this District, have reached the same conclusion. See, e.g., In re: Imperial Home Décor Group, Inc., 294 B.R. 607, 608-9 (Bkrptcy. D. Del. 2003)("Several courts have held that the exclusion applies to service on a foreign corporation because service is effected under Rule 4(f) by operation of Rule 4(h)(2)…We agree that this approach is appropriate."); Pennsylvania Orthopedic Ass'n v. Mercedes-Benz AG, 160 F.R.D. 58 (E.D. Pa. 1995) (same). Accordingly, Roadmaster respectfully requests that this Court enter an Order declaring that the 120-day time limit of Rule 4(m) does not apply to service upon Sinochem in this case.

9. Should this Court conclude that the 120-day requirement of Rule 4(m) does apply to Sinochem, however, Roadmaster is nevertheless entitled to an extension of time to make service for good cause shown.

10. The Third Circuit has stated that if good cause exists to extend the time under Rule 4(m), a court must extend the time for service. Even in the absence of good cause, it is still within the court's discretion to grant an extension of time. Petrucelli v. Bohringer & Ratzinger, 46 F.2d 1298 (3d Cir. 1995).

11. Roadmaster submits that procedural requirements respecting service in China, chief among them the need to translate documents and exhibits into Chinese, could take up to a year to complete, constituting good cause for the entry of an order extending the time for service for an additional nine months. Moreover, Roadmaster has spent considerable time over the last

months diligently pursuing a negotiated resolution of this matter as to co-defendant CarsTech, demonstrating that Roadmaster is in no way neglecting the prosecution of this case.

12. Even if good cause did not exists, it is clearly within the Court's discretion to extend the time for service in China under these circumstances.

**WHEREFORE,** Roadmaster respectfully requests that the Court decree that Rule 4(m) does not apply, in this case, to service on Sinochem. In the alternative, Roadmaster respectfully requests the entry of an Order extending the time in which to serve Sinochem by nine months.

        WOLF, BLOCK, SCHORR and SOLIS-COHEN LLP

        By: /s/ Barry M. Klayman
        Barry M. Klayman, Esquire (#3676)
        Wilmington Trust Center
        1100 N. Market Street, Suite 1001
        Wilmington, DE 19801
        Tel: (302) 777-0313
        Fax: (302) 778-7813

        Attorneys for Plaintiff

Of Counsel:

James Greenberg, Esq.
Wolf, Block, Schorr and Solis-Cohen LLP
1940 Route 70 East, Suite 200
Cherry Hill, NJ 07068
(856) 424-8200

Robert F. Zielinski, Esquire
Charles M. Hart, Esquire
Wolf, Block, Schorr and Solis-Cohen LLP
1650 Arch Street, 22nd Floor
Philadelphia, PA 19103
(215) 977-2000

Dated: March 14, 2005