## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROADMASTER (USA) CORP., | : |
| Plaintiff, | : CIVIL ACTION NO. 04-1442 (GMS) |
| | : |
| v. | : |
| | : |
| CARSTECH INC., d/b/a CARSTECH INC., | : |
| and SINOCHEM NINGBO, LTD., in its own | : |
| right, and d/b/a CARSTECH INC. and/or | : |
| d/b/a CARSTECH USA, INC., | : |
| Defendants. | : |

### PLAINTIFF ROADMASTER (USA) CORP.'S STATUS REPORT IN RESPONSE TO CASE MANAGER'S REQUEST DATED JULY 12, 2006 (D.I. No. 17)

This patent, trademark and copyright infringement case was commenced by plaintiff

Roadmaster (USA) Corp. ("Roadmaster") against defendants CarsTech USA ("CarsTech") and

Sinochem Ningbo, LTD ("Sinochem") on November 12, 2004. Sinochem is a Chinese company

and CarsTech a subsidiary, dealer and/or outlet in the United States selling infringing products

manufactured by Sinochem. CarsTech stipulated to a consent order and permanent injunction,

which was approved by the Court on February 22, 2005 (D.I. No. 11) and the case was dismissed

against CarsTech. (D.I. No. 12).

On February 9, 2006, Roadmaster reported to this Court (D.I. No. 16) that it had explored

alternatives to pursuing this lawsuit, including the possibility of seeking relief before the United

States International Trade Commission ("ITC"). Since that report was filed, Roadmaster filed

and the ITC accepted its complaint under Section 337 of the Tariff Act of 1930, and instituted an

investigation of Sinochem. Sinochem failed to appear or respond to the ITC investigation and,

accordingly, Roadmaster obtained an order to show cause why default should not be entered.

On July 12, 2006, after Sinochem failed to appear and show cause, the Administrative

Law Judge assigned to the ITC action entered an Initial Determination finding Sinochem in

default. A copy of that determination is attached as Exhibit A. That determination will become

final unless any party files a petition for review with the ITC within twenty days. To date,

Sinochem has not petitioned for review and we do not expect that it will do so given its absence

from the case thus far. Accordingly, now that Roadmaster is in a position to obtain relief from

the ITC in the form of an exclusion order that will obviate the need for any injunctive relief from

this Court, Roadmaster is filing, contemporaneously with this Report, a Notice of Dismissal of

this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1).

Respectfully submitted,

WOLF, BLOCK, SCHORR and SOLIS-COHEN LLP

By: _____

Barry M. Klayman, Esquire (#3676)
Wilmington Trust Center
1100 N. Market Street, Suite 1001
Wilmington, DE 19801
Tel: (302) 777-0313
Fax: (302) 778-7813

Attorneys for Plaintiff

Of Counsel:

James Greenberg, Esq.
Wolf, Block, Schorr and Solis-Cohen LLP
1940 Route 70 East, Suite 200
Cherry Hill, NJ 07068
(856) 424-8200

Robert F. Zielinski, Esquire
Charles M. Hart, Esquire
Wolf, Block, Schorr and Solis-Cohen LLP
1650 Arch Street, 22nd Floor
Philadelphia, PA 19103
(215) 977-2000

Dated: July 24, 2006

# EXHIBIT A

# UNITED STATES INTERNATIONAL TRADE COMMISSION

## Washington, D.C.

| | |
|---|---|
| In the Matter of<br><br>**CERTAIN PORTABLE POWER STATIONS AND PACKAGING THEREFOR** | Inv. No. 337-TA-563 |

## ORDER NO. 5: INITIAL DETERMINATION FINDING RESPONDENT SINOCHEM NINGBO LTD. IN DEFAULT

### (July 12, 2006)

On May 9, 2006, Complainant Roadmaster (USA) Inc. ("Roadmaster") moved [563-01] for an order directing Respondent Sinochem Ningbo LTD ("Sinochem") to show cause why it should not be found in default for failing to respond to the Complaint[1] and Notice of Investigation[2]. Roadmaster's motion further requested issuance of an initial determination finding Sinochem in default upon failure to show cause. In addition, Roadmaster's motion included a request for immediate entry of a general exclusion order, limited exclusion order, cease and desist order, and/or other appropriate relief upon finding Sinochem in default. On May 22, 2006, the Commission Investigative Staff ("Staff") filed a response supporting Roadmaster's motion, and took no position with respect to Roadmaster's request for immediate entry of relief upon finding of default by Sinochem. No other responses to Roadmaster's motion were filed.

Order No. 4, issued on May 24, 2006, granted Roadmaster's motion ordering Sinochem to show, by the close of business on June 13, 2006, why it should not be found in default for failure to

---

[1] Roadmaster filed a complaint with the Commission pursuant to Section 337 of the Tariff Act of 1930 on February 8, 2006, and supplemented its Complaint on February 27, 2006.

[2] The Notice of Investigation, issued by the Commission, was published in the Federal Register as 71 Fed. Reg. 13,166 on March 14, 2006.

respond to the Complaint and Notice of Investigation pursuant to Rule 210.16 of the Commission's Rules of Practice and Procedure, 19 C.F.R. § 210.16. No responses to Order No. 4 were filed by the deadline date, and no responses have been filed as of the present date.

Commission Rule 210.16 provides in pertinent part, as follows:

> A party shall be found in default if it fails to respond to the complaint and notice of investigation in the manner prescribed in §210.13 or § 210.59(c), or otherwise fails to answer the complaint and notice, and fails to show cause why it should not be found in default.

19 C.F.R. § 210.16(a)(1). The Commission's Rules further provide that "[a] party found in default shall be deemed to have waived its right to appear, to be served with documents, and to contest the allegations at issue in the investigation." 19 C.F.R. § 210.16(b)(3).

Accordingly, it is the INITIAL DETERMINATION of the Administrative Law Judge that Respondent Sinochem is found to be in default. Consequently, Sinochem has waived its rights to appear, to be served with documents, and to contest the allegations at issue in the investigation.

Pursuant to 19 C.F.R. § 210.42(h), this initial determination shall become the determination of the Commission unless a party files a petition for review of the initial determination pursuant to 19 C.F.R. § 210.43(a), or the Commission, pursuant to 19 C.F.R. § 210.44, orders on its own motion a review of the initial determination or certain issues contained herein.

**SO ORDERED.**

Charles E. Bullock
Administrative Law Judge

-2-